IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | |
|---|---|
| DONALD JORDON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF DELAWARE, by and )<br>through the DELAWARE DEPARTMENT )<br>OF COORECTIONS, STANLEY TAYLOR )<br>COMMISSIONER, PAUL W. HOWARD )<br>BUREAU CHIEF, BEN ROBINSON M.D )<br>MEDICAL DIRECTOR, RICK KEARNEY )<br>WARDEN SUSSEX CORRECTIONAL )<br>INSTITUTION, ROBERTA BURNS M.D )<br>STAFF PHYSICIAN, SUSAN RICKARDS ADM )<br>ADMINISTRATOR OF HEALTH SERVICES, )<br>and JOHN and JANE DOES I-X, )<br>)<br>Defendants. ) | C.A.No. 04-1334-KAJ<br><br>RECEIVED<br>DEC 2 - 2005<br>U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Donald Jordon hereby respond in opposition to defendants' motion to dismiss/summary judgment. In support of that opposition, plaintiff state the following:

1. Defendants' motion to dismiss/summary judgment failed to mentioned that the Defendant, Stan Taylor is currently looking at ways of revising the DDOC's HCV guidelines and other prison medical care issues.[1] This is clear evidence that the DDOC HCV Policy that was currently in place when plaintiff filed his 42 U.S.C. §1983 claim for failure to provide adequate medical care under the Eighth Amendment, the medical care for Delaware prisoners was inadequate and substandard and the medical personnel to be accountable to No One.

2. In the series of News Journal medical care for prisoners which started in September 25, 2005 that lasted over the next few months with hearings and meetings, Defendant Taylor has basically admitted to oversite and total secrecy on Delaware DOC prisoner medical care.

3. Defendants' motion to dismiss/summary judgment fails to satisfy their burden under the standards of summary judgment and deliberate indifference under the Eighth

---
[1] ONLINE read the entire series of inadequate medical in Delaware prisons w.w.w delawareonline.com.

Amendment.

4. Under this Court's standard for reviewing a motion for summary judgment, must look at the plaintiff's pleadings to see whether he stated a claim.

5. The heart of the Plaintiff's complaint is that the defendants have been, continue to be, in violation of the prohibition on cruel and unusual punishment in that , by policy, custom and practice of Defendant Stan Taylor, they are deliberately indifferent to plaintiff's serious medical needs by failing to provide adequate testing and treatment for the Hepatitis C virus (HCV) Without the testing and treatment herein requested, plaintiff and those similarly situated suffer an increase risk of, and actual grave illiness and / or death as result of undectected and/or untreated HCV infection.

6. Existing treatments are most often effective in the early stages of the disease, and in advance cases, are contraindicated. The public health care expense of treating the disease early is far less than treatment of the disease(related complications) in its advance stages.

7. Despite the vunlnerable nature of the prison population, the HCV testing and treatment of Delaware prisoners is constitutionally defective. Defendants' guidelines and protocols for testing for and treatment of HCV demonstrate a custom, policy and practice of medical care that, improperly excludes most at risk inmates from proper testing, and most infected inmates from proper treatment. Additionall, defendants have a policy, custom, and practice of failing to adhere to their own constitutionally deficient testing and treatment protocols. Defendant also approves contract with medical provider of health care for Delaware prisons.

8. Mr. Jordon was diagnosed with HCV in 1992. Mr. Jordon has experience tremendous HCV-related pain. His symptons include severe abdominal pain, persistent fatigue, vomitting and other discomforts including elevated ALT levels, he has not received a liver biopsy or ultrasound to determine the extent of damage to his liver

and treatment options. Moreover, when Mr. Jordon formally grieves to the same medical personnel who initially denied him treatment, he always experience some type of adverse reaction from the Defendants.

9. Defendants motion to dismiss/summary judgment fails to satisfy the summary judgment standards. As such, Plaintiff respectfully request that the Court deny defendants motion to dismiss/summary judgment.

11/20/05

*Donald Jordon*
Donald Jordon
Sussex Correctional Institution

CERTIFICATE OF SERVICE

I, Donald Jordon, do hereby certify that on this ___ day of November, 2005, one copy of the above foregoing RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS/SUMMARY JUDGMENT were served upon the following postage prepaid:

Lisa Barchi #3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
State defendants

*Donald Jordon*

Dated: 11/20/05



Donald Ice
I/M: 095
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

Office of the clerk
U.S. District Court
844 N. King Street Lockbox 18
Wilmington Delaware
19801-3570