**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF DELAWARE**

| | |
|---|---|
| DONALD JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1334-KAJ |
| | ) |
| STATE OF DELAWARE, by and | ) |
| through the DELAWARE | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| STANLEY TAYLOR COMMISSIONER, | ) |
| PAUL W. HOWARD BUREAU CHIEF, | ) |
| BEN ROBINSON M.D. MEDICAL | ) |
| DIRECTOR, RICK KEARNEY WARDEN | ) |
| SUSSEX CORRECTIONAL | ) |
| INSTITUTION, ROBERTA BURNS | ) |
| M.D. STAFF PHYSICIAN, SUSAN | ) |
| RICKARDS ADMINISTRATOR OF | ) |
| HEALTH SERVICES, and JOHN AND | ) |
| JANE DOES I-XII, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANT'S REPLY IN SUPPORT**
**OF THEIR MOTION TO DISMISS**

**COME NOW**, the State defendants, by and through undersigned counsel and hereby reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss. In support of this motion, State defendants offer the following:

1. Donald Jordan ("Plaintiff") is a prisoner presently incarcerated at the Delaware Correctional Center, ("DCC"), in Smyrna, Delaware. Plaintiff filed a claim in this Court against numerous medical professionals and State defendants Stanley Taylor, Paul Howard, and the Department of Correction ("DOC"), alleging violations of 42 *U.S.C.* § 1983 (D.I. 2). Specifically, Plaintiff alleges that his Eighth Amendment rights were violated due to State defendants' provision of inadequate medical care.

2. State defendants filed a Motion to Dismiss and Memorandum of Points and Authorities in support thereof on October 24, 2005. (D.I. 21 and 22). On December 5, 2005, Plaintiff filed his Answering Brief. (D.I. 24).

3. In his Answering Brief in opposition, Plaintiff reiterates his previous allegations of cruel and unusual punishment in violation of his Eighth Amendment rights on the part of the State defendants. Assuming *arguendo* that all of the well pleaded factual allegations in Plaintiff's Answering Brief are accepted as true, Plaintiff's claim is appropriately dismissed pursuant to Fed.R.Civ. P.12(b)(6) for failure to state a claim upon which relief can be granted, as he can prove no set of facts that his constitutional rights were violated. To state a violation of the Eighth Amendment right to adequate medical care, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs..." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) *accord White v. Napoleon*, 897 F. 2d 103, 109 (3d Cir.1990).

4. Plaintiff has failed to demonstrate how the State defendants acted or failed to act in a way that was deliberately indifferent to *his* medical needs. (See as an example, Checklist for HCV Treatment and FCM Hepatitis C Treatment Criteria Sheet attached as Exhibit "A"). Plaintiff was not denied access to medical treatment by the State defendants. Indeed, evidence in the form of laboratory reports alone shows that Plaintiff's condition continues to be monitored. Evidence shows that Plaintiff has received adequate medical treatment based on reasonable standards as prescribed in 11 *Del.C.* §6536 for his numerous ailments. Plaintiff's Hepatitis C infection is monitored through the laboratory studies ordered by medical professionals. A summary of the Plaintiff's lab values pertinent to Hepatitis C shows that the medical provider is evaluating and monitoring his condition through the use of appropriate lab tests of his liver enzymes. (See Summaries of Liver Enzyme Tests and lab reports attached to Exhibit "B").

5.    While the prisoner may differ with the medical experts on what he feels is "adequate treatment" a mere difference of opinion between an inmate and the medical personnel at the prison regarding the need for treatment, the preferred course of treatment, the severity of the inmate's condition, or other medical judgments do not constitute a showing of deliberate indifference. *White v. Napoleon*, 897 F 2d 103, 110 (3d Cir. 1990). Plaintiff's allegations of deliberate indifference are not supported by case law, affidavit or other evidence, making dismissal of plaintiff's complaint appropriate.

6.    Plaintiff does not show that State defendants denied him necessary treatment in contradiction of a medical provider's orders or recommendation. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3rd Cir 1993). In *Durmer*, the Third Circuit Court of Appeals held that non-medical prison officials are deliberately indifferent when they know an inmate requires treatment and they intentionally refuse to provide it. *Id.* Plaintiff does not show how State defendants denied him recommended treatment. The medical professionals monitoring plaintiff's Hepatitis infection did *not* recommend a liver biopsy, with all its associated risks, for Plaintiff, who has mostly normal AST and ALT results as seen on the lab reports. In Plaintiff's case, he provides no evidence that defendants Taylor and Kearney even knew about his illness. That defendant Howard, relying on the expertise of the medical professionals, did not supplant their decisions or second guess those decisions when denying Plaintiff's grievance appeal, does not create liability under the Eighth Amendment. *Durmer*, 991 F.2d at 69. Defendant Howard, as a non-medical prison official was justified in relying on the expertise of the medical provider.

7.    Plaintiff continues to allege that State defendants can order or make suggestions to medical personnel as to how inmates should be medically treated. Plaintiff attempts to show personal involvement by the State defendants in his medical care by referring to a series of

3

newspaper articles. This allegation has no merit. The newspaper articles are not evidence. Allegations in newspaper articles are not the link between prison officials and medical care that meets the requirement for personal involvement. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). In *Spruill* the Third Circuit Court of Appeals held that unless the non-medical prison officials believe or know that prison health care providers are neglecting the health care of an inmate, they cannot be held liable for the decisions made by the medical professionals. *Id.* As in *Spruill*, Plaintiff is under the care of licensed medical professionals. Plaintiff provides no evidence that State defendants had any knowledge of the medical providers neglecting *his* care. The State defendants did not deny this Plaintiff access to monitoring and treatment, as evidenced by the lab studies done to monitor his Hepatitis infection. The State defendants, who have no medical expertise or training, were justified in believing that Plaintiff was receiving care for his Hepatitis C infection. The State defendants do not have medical or nursing degrees, do not possess specialized medical knowledge, and under *Spruill*, the State defendants were justified in thinking that Plaintiff was receiving care from competent providers. *Id.* at 236.

In *Spruill*, the Court also found that holding non-medical prison officials liable for care provided by medical professionals "would strain the division of labor." *Spruill*, 372 F.3d at 236. The non-medical prison officials cannot be expected to second guess the medical providers or supplant their medical decisions.

8. Other than to demonstrate through documentary evidence that Plaintiff has received medical care, Plaintiff's allegations against the State defendants in paragraphs seven and eight of his Answering Brief are outside the area of knowledge and expertise of the non-medical State defendants, for the reasons stated above. Therefore, no response is warranted by State defendants.

WHEREFORE, State defendants request this Court enter an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted, based on the reasons provided in State defendants' Motion to Dismiss and this Reply Brief .

                                           **STATE OF DELAWARE**
                                           **DEPARTMENT OF JUSTICE**

                                           /s/ Lisa Barchi
                                           Lisa Barchi  #3927
                                           Deputy Attorney General
                                           Carvel State Office Building
                                           820 N.  French Street, 6th floor
                                           Wilmington, DE 19801
                                           (302) 577-8400
                                           lisa.barchi@state.de.us

                                           Attorney for State defendants

DATE: January 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2006, I electronically filed *State Defendants Reply in Support of Their Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on January 9, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Donald Jordan, SBI # 095723
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us