UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. JORDAN | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1334-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

Pursuant to F.R.C.P. 12 (b)(6), defendants Roberta F. Burns and Susanne Rickards (collectively the "FCM Defendants") move the court for an order dismissing all claims in the complaint against them on the grounds that the complaint fails to state a claim upon which plaintiff may recover. In support of their motion, the FCM Defendants offer the following:

Background

1. Plaintiff is an inmate in the Delaware correctional system.

2. First Correctional Medical, hereinafter "FCM", was the health care provider for the Delaware correctional system from July 1, 2002 through June 30, 2005. Defendant Roberta F. Burns is a medical doctor and was employed by FCM. Susanne Rickards was an employee of FCM.

3. Plaintiff alleges civil rights violations pursuant to 42 *U.S.C.* §1983 and the Americans with Disabilities Act, specifically 42 U.S.C. §12111(8), against FCM Defendants in connection with alleged improper treatment for Hepatitis-C. See D.I. 2.

Legal Standards

4. The standard for a civil rights claim alleging wrongful medical treatment is

"deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Smullen v. Kearney*, C.A. No. 02-082 (SLR), mem. op., Robinson, C.J. (June 13, 2003) (copy attached as Exhibit 1).

5.  Mere allegations of negligence do not meet the pleading requirements for deliberate indifference. *See Estelle*, 429 U.S. at 105-106. The threshold of "deliberate indifference" is high; an inmate must show that the care constituted "an unnecessary and wanton infliction of pain," was "repugnant to the conscience of mankind," or was "contrary to the evolving standards of decency," *Smullen*, mem. op. at 2. When some care has been provided, questions as to the sufficiency or propriety of the care, or differences of opinion as to the type of care, will not support an Eighth Amendment "deliberate indifference" claim. *Id.*, mem. op. at 2-3.

6.  Serious medical need is defined as a condition that is so obvious that it would prompt an ordinary person to recognize the need for a doctor's attention or when a physician has determined that treatment is required. *Hall v. First Correctional Medical*, C.A. 04-176 (GMS), mem. op., Sleet, J. (D.Del. Dec. 6, 2004) (internal citations omitted) (copy attached as Exhibit 2). A condition that constitutes serious medical need is one where a "failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death". *Id.* Also, when the denial or delay of care "results in the wanton infliction of pain, life-long handicap or permanent loss" the serious requirement is met. *Id.*

7.  Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

8.  Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First*

*Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

9. 42 U.S.C. §12111(8) provides the definition for a "qualified individual with a disability" in the context of employment.

10. Under these legal standards, defendant FCM submits that dismissal is warranted because plaintiff's complaint fails to state a claim against them upon which relief could be recovered.

<u>Plaintiff has failed to State a 42 U.S.C. § 1983 Claim against the FCM Defendants</u>

11. As noted above, an inmate plaintiff asserting civil rights violations must prove that a defendant health care provider was deliberately indifferent to a serious medical need, mere allegations are not sufficient. *Estelle*, 429 U.S. at 104-106; *Smullen*, mem. op. at 2. Plaintiff's allegations of medical negligence do not meet the threshold of "deliberate indifference". In fact, plaintiff's allegations actually counter his position of "deliberate indifference", as plaintiff acknowledges seeing FCM employees on multiple occasions regarding his Hepatitis condition and notes receiving medical assessments regarding the condition. See D.I. 2, ¶¶ 41, 53, 54. Because plaintiff has been seen regularly by FCM staff members concerning his Hepatitis condition, his burden of proof is higher than an inmate who received no care at all. *Smullen*, mem. op. at 2. The fact that plaintiff is not satisfied with the type of treatment he is receiving also does not satisfy the burden of proof for deliberate indifference. Plaintiff is not a medical doctor and has no authority to dictate the medication or treatment he should receive. Additionally, plaintiff may not agree with the course of treatment he is receiving but that does not create an issue of constitutional dimension.

12. In addition to not proving deliberate indifference, plaintiff has not proved that his condition rises to the level of serious medical need. The FCM defendants do not dispute that plaintiff is Hepatitis C positive. However, plaintiff has not alleged any serious medical need that has arisen from his condition. Not only does plaintiff fail to provide medical testimony in support of his

allegations of serious medical need as required by law, but his claim fails to satisfy the requirements of deliberate indifference for resting on questions of sufficiency or propriety of care. *Smullen*, mem. op. 2-3. There was no "deliberate indifference to a serious medical need," so plaintiff's civil rights claims must be dismissed as a matter of law.

13. Beyond the legal shortcomings in his complaint, plaintiff's medical records do not support his allegations. In fact, plaintiff is receiving the proper care and treatment required for a Hepatitis C positive individual with his symptoms as dictated by the standards of the prison health care community. See Affidavit of Roberta F. Burns, M.D. attached as Exhibit 3.

<u>Plaintiff has Failed to File an Affidavit of Merit</u>

14. Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff's state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

<u>Plaintiff has failed to State a Americans with Disabilities Claim Against the FCM Defendants</u>

15. Plaintiff relies upon 42 U.S.C. §12111(8) for the basis of his Americans with Disabilities claim. 42 U.S.C. §12111(8) defines 'qualified individual with a disability' in the employment context. Such a definition has no bearing in this instance as we are dealing with the plaintiff's allegations of denial of medical care in a prison, not employment, setting. As such, plaintiff has failed to state an Americans with Disabilities claim against the FCM defendants and the claim must be dismissed as a matter of law.

<u>Conclusion</u>

16. For the above reasons, the FCM defendants respectfully request that all claims against them be dismissed with prejudice.

                                          **McCULLOUGH & McKENTY, P.A.**

                                          /s/ Dana M. Spring
                                          Daniel L. McKenty, Del. Bar No. 2689
                                          Dana M. Spring, Del. Bar No. 4605
                                          1225 N. King Street, Suite 1100
                                          P.O. Box 397
                                          Wilmington, DE 19899-0397
                                          (302) 655-6749
                                          Attorneys for Roberta F. Burns, MD
Dated: February 24, 2006                  and Susan Rickards

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. JORDAN | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1334-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I, Dana M. Spring, do hereby certify that on this date two copies of **Motion to Dismiss** were served by first class mail, postage prepaid, on the following individuals:

Lisa Ann Barchi, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

Donald J. Jordan
SBI # 095723
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

/Dana M. Spring
Daniel L. McKenty, Del. Bar No. 2689
Dana M. Spring, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for Roberta F. Burns, MD
and Susan Rickards

Dated: February 24, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. JORDAN | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1334-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

## **ORDER**

And now this _____ day of _____, 2006, having considered FCM Defendants' Motion to Dismiss and any opposition thereto,

it is HEREBY ORDERED that FCM Defendants' Motion to Dismiss is granted.

_____
J.