UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. JORDAN | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1334-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**FCM DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT OPPOSITION AND FCM DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Pursuant to F.R.C.P. 12 (b)(6), defendants Roberta F. Burns, M.D., and Susanne Rickards (collectively the "FCM Defendants") move the court for an order dismissing all claims in the complaint against them on the grounds that the complaint as well as Plaintiff's Opposition to FCM Defendants' Motion to Dismiss (D.I. 34) and Plaintiff's Motion for Leave to Supplemented Opposition to Motion to Dismiss (D.I. 35) fail to state a claim upon which plaintiff may recover. In support of their response, the FCM Defendants offer the following:

**Plaintiff Has Failed to Maintain a Class Action**

1. The claims in this case are not a class action. Plaintiff has failed to establish a class action as he has not complied with any of the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. Furthermore, this Court has consistently ruled that "a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmates in a class action". *Shepherd v. Bianco*, 2006 WL 47644 at *2, mem. op., Sleet, J. (January 9, 2006)(attached as Exhibit 1) and *Awala v. Federal Public Defenders*, 2005 WL 2123697 at *2, mem. order, Jordan, J. (August 4, 2005)(attached as

Exhibit 2).

### Plaintiff's Claims Span from October 5, 2002 Through October 5, 2004

2.       Plaintiff filed his complaint on October 5, 2004. At no time since that date has plaintiff filed an amended complaint or a motion to amend his complaint. As such, the facts and allegations of the case at issue are limited to any incidences occurring between October 5, 2002 and October 5, 2004. This Court should strike any of plaintiff's allegations arising after October 5, 2004.

### Plaintiff Has Failed to State a 42 U.S.C. § 1983 Claim Against FCM Defendants

3.        To establish an Eighth Amendment claim for deliberate indifference, a plaintiff must demonstrate that "the prison official kn[e]w of and disregard[ed] an excessive risk to the inmate's health and safety." *Daniels v. State of Delaware*, 120 F. Supp. 2d 411, 420 (D. Del. 2000)(citing *Farmer v. Brennan,* 511 U.S. 825 (1994)). The *Farmer* Court summarized the deliberate indifference requirement saying, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Daniels*, 120 F. Supp. 2d at 420. This Court has held that "deliberate indifference is demonstrated by the 'deliberate deprivation of adequate medical care or the defendant's action or failure to act despite his or her knowledge of a substantial risk of serious harm'." *Id.* at 426 (internal citations omitted). In this case, plaintiff has not established an excessive risk to his health or safety or alleged that either of the FCM defendants (Roberta F. Burns, M.D., or Susanne Rickards) knew of or disregarded an excessive risk to his health.

4.       Mere allegations of negligence do not meet the pleading requirements for deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). The threshold of "deliberate indifference" is high; an inmate must show that the care constituted "an unnecessary and wanton infliction of pain," was "repugnant to the conscience of mankind," or was "contrary to the evolving

standards of decency," *Smullen v. Kearney*, C.A. No. 02-082 (SLR), mem. op. at 2, Robinson, C.J. (June 13, 2003) (attached as Exhibit 3). When some care has been provided, questions as to the sufficiency or propriety of the care, or differences of opinion as to the type of care, will not support an Eighth Amendment "deliberate indifference" claim. *Id.*, mem. op. at 2-3.

5. Plaintiff's allegations of medical negligence do not meet the threshold of "deliberate indifference". In fact, plaintiff's allegations actually counter his position of "deliberate indifference", as plaintiff acknowledges seeing FCM employees on multiple occasions regarding his Hepatitis condition and notes receiving medical assessments regarding the condition. See D.I. 2, ¶¶ 41, 53, 54. Because plaintiff has been seen regularly by FCM staff members concerning his Hepatitis condition, his burden of proof is higher than an inmate who received no care at all. *Smullen*, mem. op. at 2.

6. Plaintiff alleges that Roberta F. Burns, M.D., denied his request for a liver biopsy on or about April 23, 2004. See Complaint, ¶ 41. However, in his complaint, Opposition to FCM Defendants' Motion to Dismiss (D.I. 34) and Motion to Supplement Opposition (D.I. 35), plaintiff has failed to establish: (1) how this alleged denial of a liver biopsy constituted an 'excessive risk to inmate health or safety'[1] or (2) that the alleged denial created a 'substantial risk of harm' or (3) that he was injured in any way by the denial of a liver biopsy[2]. In addition to not establishing facts which

---

[1] In his complaint, plaintiff cites many respected medical references including the Federal Bureau of Prisons Treatment Guidelines and the National Institute of Health. However, plaintiff has manipulated and deleted the texts in such a way that the reader is unable to determine if the context or meaning has been altered or distorted.

[2] The Affidavit of Roberta F. Burns, M.D. (D.I. 32, Ex. 3) rebuts any allegation which suggests the deliberate deprivation of adequate medical care. Dr. Burns specifically states under oath and penalty of perjury, "it is my medical opinion that Mr. Jordan always received proper medical care from all FCM personnel." This statement further suggests that plaintiff's editing of medical texts was self-serving and distorted the truth.

could suggest an 'excessive risk to health' or a 'substantial risk of harm', plaintiff has failed to even allege *scienter* on the part of Roberta F. Burns, M.D. in any context. Even if plaintiff was successful in establishing denial of a liver biopsy as an "excessive risk to health' or a 'substantial risk of harm', plaintiff's claim fails because he never alleged that Dr. Burns specifically knew of or disregarded an excessive risk to plaintiff's health or that Dr. Burns drew an inference of a substantial risk of harm. Plaintiff has failed to prove and/or allege the necessary elements of a 42 U.S.C. § 1983 claim against Dr. Burns and the case against her should be dismissed.

7. Plaintiff's only specific reference to Susanne Rickards is in ¶ 64 of his complaint. Plaintiff states that he appealed Ms. Rickards' response to his grievance. The reference to Ms. Rickards in ¶ 64 is a purported statement of fact and does not state a cause of action. No words in ¶ 64 suggest that Ms. Rickards 'knew of and disregarded an excessive risk to plaintiff's health and safety'. As such, plaintiff has failed to state a 42 U.S.C. § 1983 claim against Ms. Rickards and the case against her should be dismissed.

**Plaintiff Should Not Be Granted Leave to Supplement His Opposition to the**

**FCM Defendants Motion to Dismiss**

8. In his Motion to Supplement (D.I. 35), plaintiff includes a letter from Edward L. Foley, M.D., hereinafter "the Foley Letter", as evidence that a denial of a liver biopsy constitutes deliberate indifference. This information should not be admitted into the record of this case nor should this Court rely upon the letter as grounds for denying the FCM Defendants' Motion to Dismiss.

9. Pursuant to Rule 26 (a)(2)(B) of the Federal Rules of Civil Procedure, any witness retained to give expert testimony shall produce a written report signed and prepared by the witness. The report shall contain, "a complete statement of all opinions to be expressed and the basis and

reasons therefor; the data or other information considered by the witness in forming the opinions; [and] . . . the qualifications of the witness . . . ."

10. The Foley Letter does not comply with F.R.C.P. 26 (a)(2)(B) and should not be considered as a genuine issue of material fact. The letter does not contain a complete statement of all opinions to be expressed nor does it contain the basis and reasons therefor. What the Foley Letter does contain is three (3) paragraphs which include a specious opinion that a liver biopsy be performed based upon the "laboratory results forwarded to [him]" - hardly a basis or reason for a medical opinion. Plaintiff and his expert have failed to identify which laboratory reports were forwarded and/or relied upon in the formation of the expert opinion.

11. Lastly, but perhaps most importantly, the Foley Letter is devoid of expert qualifications. What is clear from the Foley Letter is that Edward L. Foley, M.D. is employed by Pediatric Associates of Washington. While at best this letter suggests that Dr. Foley might be qualified to opine about the medical conditions of children, nothing suggests that he is qualified to opine about the health of a Hepatitis C patient, the required standard of care in the prison medical community, or even the current treatment and practice guidelines concerning the treatment of Hepatitis C.

12. As stated in FN2 above, Dr. Burns submitted an affidavit in support of the FCM Defendants' Motion to Dismiss. In this affidavit, Dr. Burns identifies her qualifications to testify regarding the medical condition of the plaintiff as well as the data and information reviewed and makes a statement under oath. The affidavit outlines FCM's Hepatitis C treatment protocol as well as the medical care of the plaintiff.

13. Exhibit 1 of the Burns Affidavit is First Correctional Medical's Treatment Protocol for Viral Hepatitis. This document outlines the corporate policy for treatment of Hepatitis C and

indicates what protocol was required at the time of the plaintiff's complaints. The protocol has an effective date of 1 July 2002 and is noted as being revised 13 June 2003. It would be current at least though June of 2004 which is after the alleged April 23, 2004 denial of a liver biopsy. The protocol was created based upon medical knowledge available at the time and references the Centers for Disease Control; National Institutes of Health Consensus Development Conference Statement - Management of Hepatitis C: 2002 June 10-12-2002; National Digestive Diseases Information Clearing house. Chronic Hepatitis C: Current Disease Management September 2002 Final Statement. NIH Publication No. 02-4230; and Federal Bureau of Prison Clinical Practice Guideline for Prevention and Treatment of Viral Hepatitis, July 2001.

14. After reviewing the plaintiff's medical chart and First Correctional Medical's protocol, Dr. Burns opined that "Mr. Jordan always received proper medical care from all FCM personnel. The medical care provided by FCM personnel met the standard of care for treatment of Mr. Jordan's condition, and there were no deviations from the standard of care with respect to any FCM personnel."

15. Even if this Court were to consider the Foley Letter a qualified expert report, it would not prevent this Court from deciding the FCM Defendants' Motion to Dismiss in favor of the defendants. In *Daniels*, this Court held that a disagreement of experts in a prison health care case was "insufficient to preclude summary judgment", noting specifically, "to the extent that Plaintiff's expert and Defendant's expert disagree on the adequacy of Plaintiff's care and treatment, their disagreement is no more than a difference of medical opinion over appropriate treatment methods, which, in the Court's view, is insufficient to create a genuine issue of material fact." *Daniels*, 120 F. Supp. 2d at 427.

**Conclusion**

16.    For the aforementioned reasons, this Court should not rely upon the Foley Letter, nor admit it into the record of this case and, finally, this Court should grant the FCM Defendants' Motion to Dismiss.

                **McCULLOUGH & McKENTY, P.A.**

                /s/ Dana M. Spring
                Daniel L. McKenty, Del. Bar No. 2689
                Dana M. Spring, Del. Bar No. 4605
                1225 N. King Street, Suite 1100
                P.O. Box 397
                Wilmington, DE 19899-0397
                (302) 655-6749
                Attorneys for Roberta F. Burns, MD
                and Susanne Rickards

Dated: April 19, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. JORDAN | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1334-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Dana M. Spring, do hereby certify that on this date two copies of *FCM Defendants' Response to Plaintiff's Motion to Supplement Opposition and FCM Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss* were served by first class mail, postage prepaid, on the following individuals:

Lisa Ann Barchi, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

Donald J. Jordan
SBI # 095723
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

                                                    /s/ Dana M. Spring
                                                    Daniel L. McKenty, Del. Bar No. 2689
Dana M. Spring, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for Roberta F. Burns, MD
and Susan Rickards

Dated: April 19, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. JORDAN | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1334-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

## **ORDER**

And now this _____ day of _____, 2006, having considered FCM Defendants' Motion to Dismiss and any opposition thereto,

it is HEREBY ORDERED that FCM Defendants' Motion to Dismiss is granted.

_____
J.