Westlaw.

Slip Copy   Page 1
Slip Copy, 2006 WL 47644 (D.Del.)

**(Cite as: 2006 WL 47644 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Donald L. SHEPHERD, Plaintiff,
v.
Vincent BIANCO, Warden and the Department of Correction, Defendants.
**No. Civ.A. 03-910-GMS.**

Jan. 9, 2006.
Donald L. Shepherd, Wilmington, DE, pro se.

MEMORANDUM

SLEET, J.

*1 Donald L. Shepherd ("Shepherd"), a former prisoner at the Central Violation of Probation Center in Smyrna, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I.8, 13). The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I. THE COMPLAINT

Shepherd brings this class action against Warden Vincent Bianco ("Warden Bianco") and the Department of Correction ("DOC") alleging a deprivation of free speech and access to the courts in violation of the First Amendment of the U.S. Constitution. Specifically, Shepherd alleges that inmates housed at the Central Violation of Probation Center were denied envelopes for legal mail and for family member correspondence for a time period from August 17, 2003 to September 20, 2003. (D.I.2) Shepherd also alleges a "violation where security staff must inspect" packages or legal mail. *Id.* He seeks $100,000 for each free speech violation.

II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996)(citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

III. ANALYSIS

A. Class Action

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 2
Slip Copy, 2006 WL 47644 (D.Del.)
**(Cite as: 2006 WL 47644 (D.Del.))**

The complaint is framed as a class action. A class action can only be maintained if the class representative "will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). "When confronting such a request from a prisoner, courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action." ' *Maldonado v. Terhune,* 28 F.Supp.2d 284, 299 (D.N.J.1998) (citing *Caputo v. Fauver,* 800 F.Supp. 168, 170 (D.N.J.1992)). The rationale for these holdings applies with equal force in Shepherd's case. Accordingly, Shepherd may not maintain this suit as a class action. Additionally, as discussed below, the claims raised are dismissed as frivolous.

B. Respondeat Superior

*2 Shepherd alleges that while he was housed in Central Violation of Probation Center he was denied envelopes for legal and personal use. Shepherd seeks to hold Warden Bianco liable on the basis of his supervisory positions.

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989) (citing *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

There is nothing in the complaint to indicate that Warden Bianco was the "driving force [behind]" the alleged violations. Moreover, the complaint does not indicate that Warden Bianco was aware of the plaintiff's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks,* 885 F.2d at 1118. Accordingly, the claims against Warden Bianco are dismissed inasmuch as they have no arguable basis in law or in fact.

C. Eleventh Amendment

Shepherd also names as a defendant the DOC. The DOC is an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Correction,* 749 F.Supp. 572, 579 (D.Del.1991). Hence, as an agency of the State of Delaware, the Department of Correction is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03- 868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug.25, 2004) (claim against DOC is dismissed on the basis of Eleventh Amendment immunity).

Shepherd's claims against the DOC have no arguable basis in law or in fact inasmuch as they are immune from suit. Therefore, the claims are frivolous and are dismissed.

IV. CONCLUSION

For the above stated reasons, the court finds that the claims against the defendants are factually and legally frivolous. An appropriate order will be entered dismissing the case.

ORDER

At Wilmington this *9th* day of January, 2006, for the reasons set forth in the Memorandum issued this date, the plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Slip Copy, 2006 WL 47644 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.