Westlaw.

Not Reported in F.Supp.2d                                                                                                                   Page 1

Not Reported in F.Supp.2d, 2005 WL 2123697 (D.Del.)

**(Cite as: 2005 WL 2123697 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Gbeke Michael AWALA, Plaintiff,
v.
FEDERAL PUBLIC DEFENDERS, Judicial Conference of the United States Courts, Director of the Administrative Office, State Public Defenders (Salem County New Jersey), Government Printing Office, and the American Bar Association,
Defendants.
No. Civ. 05-281-KAJ.

Aug. 4, 2005.

Gbeke Awala, Philadelphia, PA, pro se.

MEMORANDUM ORDER

JORDAN, J.

I. APPLICATION TO PROCEED IN FORMA PAUPERIS

*1 Plaintiff Gbeke Michael Awala ("Awala"), Fed Id. No. # 82074-054, is a *pro se* litigant who is currently incarcerated at the Federal Detention Center Philadelphia ("FDC Philadelphia"), in Philadelphia, Pennsylvania. Awala filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether Awala is eligible for pauper status. The Court granted Awala leave to proceed *in forma pauperis* on June 2, 2005, and ordered him to file a certified copy of his prison trust account statement within thirty days, or the case would be dismissed. On June 2, 2005, Awala filed a "Motion for Continuance--90 Days," which appears to be a request for an extension of time to file his trust account statement. (D.I.5) On July 5, 2005, Awala filed a second Motion for Leave to Proceed *In Forma Pauperis*. (D.I.6) Awala attached a certified copy of his trust account statement to this motion. ( *Id.* at 3-4) Consequently, Awala's Motion for Continuance (D.I 5) is moot. Because this Court has already granted Awala leave to proceed *in forma pauperis,* his second motion requesting such (D.I.6) is also moot. Based on the information in Awala's trust account statement, the Court has determined that Awala does not have the assets with which to pay an initial partial filing fee, nevertheless, any money Awala later receives will be collected as ordered below.

II. STANDARD OF REVIEW

The Court determines whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). [FN1] Under 28 U.S.C. §§ 1915A(e)(2)(B)-1915A(b)(1), the Court is authorized to screen Awala's complaint at any time. If the Court finds Awala's complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the complaint. In this instance, the Court takes the step of "screening" Awala's complaint prior to receiving the Authorization Form because Awala has filed a total of six complaints between February 17, 2005 and July 6, 2005. [FN2]

> FN1. These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the Court to dismiss an *in forma pauperis* complaint at any time, if the Court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2005 WL 2123697 (D.Del.)
**(Cite as: 2005 WL 2123697 (D.Del.))**

relief from a defendant immune from such relief. Section 1915A(a) requires the Court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

FN2. *See Awala v. DRBAPD,* Civ. No. 05-097-KAJ D. Del. (*filed* Feb. 17, 2005); *Awala v. Congress,* Civ. No. 05-307-KAJ D. Del. (*filed* May 17, 2005); *Awala v. Federal Reserve Bank,* Civ. No. 05-367-KAJ D. Del. (*filed* June 7, 2005); *Awala v. U.S. Dept of State,* Civ. No. 05-368-KAJ D. Del. (*filed* June 7, 2005); *Awala v. State of Delaware,* Civ. No. 05-369-KAJ, D. Del. (*filed* June 7, 2005); and, *Awala v. Stretton,* Civ. No. 05-472-UNA, D. Del. (*filed* July 6, 2005).

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole,* No. 96-7923, 1997 WL 338838 (E.D.Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996)(citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993)). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

*2 The United States Supreme Court has held that § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). [FN3] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Id.* As discussed below, Awala's claim has no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

FN3. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. *See* § 804 of the PLRA, Pub.L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

III. DISCUSSION

A. The Complaint

Awala has named the following Defendants in this complaint: the Federal Public Defenders ("the FPD"), the American Bar Association ("ABA"), the Director of the Administrative Office ("the Director"), the Government Printing Office ("the GPO"), the Judicial Conference of the United States ("the Judicial Conference"), and the State Public Defenders (Salem County New Jersey) ("State Defenders"). [FN4] (D.I.2) Awala asserts that he is bringing a "class action" suit under 42 U.S.C. § 1983 to force the ABA and the United States Courts "to institute a judiciary superintended adversary proceeding on the question of the amount deposited by attorney in an interest bearing trust account." (*Id.* at 1c) Awala appears to be alleging that the Defendants are violating his constitutional rights by not providing him with money from client trust accounts to assist him in mounting his defense regarding his pending criminal charges. (*Id.*) He requests that the Court award him $150 million in compensatory damages. (*Id.* at 1a)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                  Page 3
Not Reported in F.Supp.2d, 2005 WL 2123697 (D.Del.)
(Cite as: 2005 WL 2123697 (D.Del.))

> FN4. As discussed below, the Court finds that Awala's complaint attempts to challenge his pending criminal charges and is, therefore, frivolous. It should be noted that the FPD, the ABA and the State Defenders are not "state actors" under § 1983. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)) (overruled in part on other grounds *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Furthermore, the Judicial Conference and the GPO have sovereign immunity. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Finally, Awala has not raised any allegations concerning the personal involvement of the Administrative Director. *Id.*

Awala's Amended Complaint filed on May 11, 2005 is difficult to understand. He appears to be alleging that he is being denied his right to a fair trial in his pending criminal case due to a lack of funding to present his witnesses. (D.I.3) Currently, Awala is proceeding *pro se* in his pending criminal case. [FN5] Awala's only articulated claim against the GPO is that the GPO "acted negligently, and failed to respond when Plaintiff wrote for info." [FN6] (*Id.* at 5)

> FN5. On March 31, 2005, the Court granted Awala's request to remove his stand-by counsel, Christopher Koyste, Esq. from the case, as well Mr. Koyste's request to withdraw as stand-by counsel. *See United States v. Awala,* CR No. 04-090-KAJ D. Del. (filed August 24, 2004). (D.I.55) On May 24, 2005, the Court granted Awala's motion for a "forensic and clincial" psychological examination pursuant to 18 U.S.C. §§ 4241 and 4241(b). The Court also appointed Samuel C. Stretton, Esq. as stand-by counsel. *See Id.* (D.I.79) However, on June 21, 2005, Awala filed a "Motion to Dismiss Attorney Stretton" and a "Motion to Appear Pro Se or Continue as Pro Se." *See Id.* (D.I. 93; D.I. 95). In both motion Awala requests that his stand-by counsel be removed, and asserts his right to proceed *pro se* if the Court finds that he is competent to do so.

> FN6. Mere negligence is not cognizable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 329-332 (1986). Consequently, Awala's negligence claim has no arguable basis in law. Therefore, the Court shall dismiss Awala's negligence claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

B. Class Action

Awala requests that the Court certify this case as a class action. A class action can only be maintained if the class representative "will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). "When confronting such a request from a prisoner, Courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action.'" *Maldonado v. Terhune,* 28 F.Supp.2d 284, 299 (D.N.J.1998)(citing *Caputo v. Fauver,* 800 F.Supp. 168, 170 (D.N.J.1992)) (internal citations omitted). Reviewing the documents Awala has presented on his own behalf, it is clear that he is incapable of representing the interests of his fellow inmates in a class action. Accordingly, Awala's request to certify this case as a class action is denied.

C. Awala's Claim Challenges His Pending Criminal Action

*3 To the extent that Awala is attempting to challenge his pending criminal charges, his claim must fail. Awala alleges that the Defendants are engaged in a conspiracy to deprive poor prisoners adequate legal services, and cites 42 U.S.C. §§

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 4
Not Reported in F.Supp.2d, 2005 WL 2123697 (D.Del.)
**(Cite as: 2005 WL 2123697 (D.Del.))**

1981, 1983 1985 as the authority for his claim. He also alleges that the lack of funding from the Defendants has adversely effected him in defending against his pending criminal charges. Specifically, Awala alleges that he "needs money to search for his mother lost over heavy drug use in the United States...." (D.I. 2 at 2) He further alleges that he needs expert testimony regarding his "citizenship documents." (*Id.* at 7) Awala alleges that because funds are not available to assist him, his constitutional right to a fair trial is being violated. ( *Id.*)

The United States Supreme Court has determined that district courts must dismiss complaints brought under § 1983 when the civil rights action, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence. *See Heck v. Humprehy,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, a plaintiff may bring a civil rights action challenging his conviction or sentence if the plaintiff can show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. "Heck furthermore, bars 'damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." ' *Ruston v. Bush,* No. 3:01-CV-1052-L, 2001 U.S. Dist. LEXIS 15794 *5 (N.D.Tx. July 24, 2001)(quoting *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 898 n. 8 (7th Cir.2001); *see also, Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996)(interpreting Heck to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges).

If this Court were to grant Awala the relief he requests, "such a ruling would necessarily implicate the validity of any future conviction." *Ruston,* 2001 U.S. Dist. LEXIS 15794 at *6. It is clear from the pleadings and public record, that Awala has neither been convicted, nor sentenced. Because Awala can not prove that his conviction and sentence were reversed or invalidated by any means required under *Heck,* his claims lack an arguable basis in law or in fact. Consequently, the Court will dismiss his claims without prejudice as frivolous pursuant to §§ 1915(e)(2)--1915A(a)(b).

NOW THEREFORE, at Wilmington, Delaware this *4th* day of *August,* 2005, IT IS HEREBY ORDERED that:

1. Awala's "Motion for Continuance--90 Days" (D.I.5) is MOOT.

2. Awala's Second Motion to Proceed *In Forma Pauperis* (D.I.6) is MOOT.

3. Awala's complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

*4 4. Awala shall, within thirty days from the date this order is sent, complete and return the attached authorization form allowing the agency having custody of him to forward all payments required by 28 U.S.C. § 1915(b)(2) to the Clerk of the Court. Awala shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's prison trust account and absent further order of the Court, the Warden or other appropriate official at FDC Philadelphia, or at any prison at which the plaintiff is or may be incarcerated, shall forward payments from his account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid.

5. The Clerk of the Court shall mail a copy of this Memorandum Order to Awala.

AUTHORIZATION

AWALA, J.

I, Gbeke Michael Awala, request and authorize the agency holding me in custody to disburse to the Clerk of the Court all payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated _____, 2005.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 5
Not Reported in F.Supp.2d, 2005 WL 2123697 (D.Del.)
**(Cite as: 2005 WL 2123697 (D.Del.))**

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $250.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Not Reported in F.Supp.2d, 2005 WL 2123697 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.