**IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE**

| | |
|---|---|
| DONALD JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1334-KAJ |
| ) | |
| STATE OF DELAWARE, by and ) | |
| through the DELAWARE ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| STANLEY TAYLOR COMMISSIONER, ) | |
| PAUL W. HOWARD BUREAU CHIEF, ) | |
| BEN ROBINSON M.D. MEDICAL ) | |
| DIRECTOR, RICK KEARNEY WARDEN ) | |
| SUSSEX CORRECTIONAL ) | |
| INSTITUTION, ROBERTA BURNS ) | |
| M.D. STAFF PHYSICIAN, SUSAN ) | |
| RICKARDS ADMINISTRATOR OF ) | |
| HEALTH SERVICES, and JOHN AND ) | |
| JANE DOES I-XII, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO SUPPLEMENT PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

COME NOW, State Defendants, by and through the undersigned counsel and oppose Plaintiff's Motion to Supplement ("motion"). In support of their opposition, State Defendants state the following:

1. In his motion (D.I. 35), Plaintiff includes as Exhibit 1, a letter from Edward L. Foley, M.D., as evidence that a liver biopsy is recommended. This letter should not be admitted into the record.

2. Pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, if a party wishes to propound a witness as an expert, the witness must produce a written report which is

prepared and signed by the witness. The rule states that the report must contain "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and]…the qualifications of the witness…."

       3.      Dr. Foley's letter fails to comply with F.R.C.P. 26(a)(2)(B), and should not be considered when evaluating the motions to dismiss that are before the Court.  This letter does not provide the reader with any information regarding Dr. Foley's qualifications as an expert in the area of infectious diseases. There is no indication in the body of the letter, which is on the letterhead of a pediatric medical group, that Dr. Foley possesses the qualifications to render an opinion about the health of a 54 year man with hepatitis C, or the current practice guidelines regarding Hepatitis C, or has any expertise in the area of prison health care.

       4.      It is not clear what Dr. Foley reviewed before writing this letter.  The letter mentions laboratory reports and one set of lab reports are attached to the letter as Exhibit 2.  It is not clear exactly what lab reports were reviewed by Dr. Foley before writing his letter.  An opinion rendered by reviewing minimal or incomplete information is flawed even assuming *arguendo*, that the reviewing physician possessed qualifications as an expert in this area of medicine.  Further, the letter contains neither the rational and basis for an opinion or a complete statement of all opinions to be expressed.

       5.      Plaintiff has received medical care.  Plaintiff disagrees with the medical decisions made by the provider.  When care has been provided, questions about the propriety of the care will not support an Eighth Amendment claim against non-medical prison officials.  *Durmer v. Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993).  Prison officials who are not medical providers are justified in thinking that inmates are receiving adequate care when the inmates are receiving care

from medical professionals. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). The Court in *Spruill* went on to hold that non-medical prison officials are not deliberately indifferent when the official does not override the decisions of the medical providers already treating the inmate. *Id.* at 236. With the proffer of this letter from Dr. Foley, Plaintiff is attempting to take issue with the care that has been provided to him. This letter does not have any relevance regarding the non-medical prison officials.

WHEREFORE, State Defendants request that this Honorable Court enter an order denying Plaintiff's motion to supplement his answer to Defendants' motions to dismiss.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Lisa Barchi
Lisa Barchi  #3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Attorney for State Defendants

DATE: April 21, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF DELAWARE**

| | |
|---|---|
| DONALD JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1334-KAJ |
| | ) |
| STATE OF DELAWARE, by and | ) |
| through the DELAWARE | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| STANLEY TAYLOR COMMISSIONER, | ) |
| PAUL W. HOWARD BUREAU CHIEF, | ) |
| BEN ROBINSON M.D. MEDICAL | ) |
| DIRECTOR, RICK KEARNEY WARDEN | ) |
| SUSSEX CORRECTIONAL | ) |
| INSTITUTION, ROBERTA BURNS | ) |
| M.D. STAFF PHYSICIAN, SUSAN | ) |
| RICKARDS ADMINISTRATOR OF | ) |
| HEALTH SERVICES, and JOHN AND | ) |
| JANE DOES I-XII, | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, this _____ day of _____, 2006, the Plaintiff's Motion for Leave to Supplement and the State Defendants' Response, having been duly considered,

IT IS ORDERED that the Plaintiff Motion for Leave to Supplement is DENIED.

_____
J.

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2006, I electronically filed *State Defendants' Response to Plaintiff's Motion for Leave to Supplement Plaintiff's Opposition to Defendants' Motion to Dismiss,* with the Clerk of Court using CM/ECF.  I hereby certify that on April 21, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

> Donald J. Jordan
> SBI # 095723
> Sussex Correctional Institution
> P.O. Box 500
> Georgetown, DE 19947

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
>
> /s/ Lisa Barchi
> Lisa Barchi  # 3927
> Deputy Attorney General
> Carvel State Office Building
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> 302-577-8400
> lisa.barchi@state.de.us